Timothy J. Kral, Esq. (SBN 200919)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
tjk@mmker.com

Attorneys for Defendants COUNTY OF LOS ANGELES, SHERIFF LEROY D. BACA, SGT. VICTOR LOPEZ, DEPUTY DAVID O'SULLIVAN and DEPUTY STEVEN PROPSTER

O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE MITCHELL, | Case No.: CV98-10442 SGL (CW) |
| Plaintiff, | **FINAL PRETRIAL CONFERENCE ORDER** |
| vs. | Trial:   September 2, 2008<br>Time:   9:30 a.m.<br>Ctrm.:   1 |
| LOS ANGELES COUNTY; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SUBURBAN MEDICAL CENTER; et al. | Disc. cutoff: August 26, 2002<br>Mtn. cutoff: September 25, 2002 |
| Defendants. | |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Following pre-trial proceedings, pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16, IT IS ORDERED:

**1.   THE PARTIES:**

Plaintiff

  Robert Lee Mitchell

Defendants

  County of Los Angeles

Los Angeles County Sheriff's Department

Sheriff Leroy D. Baca

Deputy Steven Propster

Deputy David O'Sullivan

Each of these parties have been served and has appeared. Sergeant Victor Lopez is named in the pleadings, but was granted summary judgment in this action as to all of plaintiff's causes of action against him on July 12, 2006. All other parties named in the pleadings, including additional defendants to be substituted in for "DOE" defendants, and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

Plaintiff's first amended complaint filed on June 29, 2001;

Defendants' answer to plaintiff's first amended complaint filed on December 28, 2001.

Plaintiff has not dismissed any of his claims. However, on July 12, 2006, the Court granted summary judgment as to all of plaintiff's claims against Defendant Sgt. Victor Lopez.

**2.    FEDERAL JURISDICTION AND VENUE:**

Federal jurisdiction and venue are invoked upon the grounds:

This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §1331(a), 42 U.S.C. §1983 and § 1988, and 4th and 14th Amendments, and the principles of pendant jurisdiction. Venue is proper in the Central District of California under 28 U.S.C. §1391(b), in that the events giving rise to Plaintiff's claims occurred in this judicial district. The facts requisite to federal jurisdiction are admitted by all parties.

///

///

**3.    TRIAL ESTIMATE:**

O:\ECF Ready\PROCESSED ORDERS AWAITING PRINT OUT FOR CHAMBERS ONLY\PROPOSED PRETRIAL CONF ORDER_as amended on the record.wpd

-2-

The defendants estimate that the trial should last five (5) days.

## 4. JURY TRIAL:

The trial is to be a jury trial. Plaintiff pro se and counsel for Defendants shall deliver to the Court and opposing counsel: (a) Proposed jury instructions as required by Local Rule 51-1 and the Court's Scheduling and Case Management Order (b) any special questions requested to be put to prospective jurors on voir dire by the time of the pre-trial conference hearing.

## 5. ADMITTED FACTS REQUIRING NO PROOF:

The following facts are admitted and require no proof: Deputy O'Sullivan and Deputy Propster were acting under color of law at the time of the incident in this case.

## 6. STIPULATED FACTS:

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:     None

## 7. CLAIMS AND DEFENSES:

Plaintiff's Claims:

*The following causes of action/issues remain:*

*Claim 1*: Deputy O'Sullivan and Deputy Propster subjected plaintiff to excessive force in violation of plaintiff's Fourth and Fourteenth Amendment rights. Plaintiff asserts causes of action for violation of 42 U.S.C. § 1983 (first cause of action), violation of 42 U.S.C. § 1981 (fifth cause of action), and violation of 42 U.S.C. § 1985 (2) and (3) (seventh cause of action).

*Claim 2*: Plaintiff's "terrorization and beating" at the hands of Deputy Propster and Deputy O'Sullivan on October 22, 1997, was a result of the "de facto policies and pervasive practices and customs" of Sheriff Baca, Los Angeles County Sheriff's

Department, and the County of Los Angeles, to use "fear-induced and improper tactics" and "excessive and illegal force", and in particular, the "widespread and enduring custom of terrorizing and beating suspects [...] arrested after vehicle pursuits by sheriff's deputies." Plaintiff asserts causes of action against Sheriff Baca, the Sheriff's Department, and the County for violation of 42 U.S.C. §1983 (second cause of action), violation of 42 U.S.C. §1981 (sixth cause of action), violation of 42 U.S.C. §1986 (ninth cause of action), violation of 42 U.S.C. § 1988 (eleventh cause of action), and for declaratory relief (thirteenth cause of action).

***The ultimate facts required to establish these claims are:***

*Claim 1:* Deputy O'Sullivan and Deputy Propster used more force than was objectively reasonable after they handcuffed plaintiff in light of all of the circumstances known to them at the time of the incident, considering:

(1) The severity of the crime or other circumstances to which the officers were responding;

(2) Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

(3) Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4) The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

(5) The type and amount of force used;

(6) The availability of alternative methods to take the plaintiff into custody;

*See:* Ninth Circuit Manual of Model Jury Instructions: Civil §9.22 (2007)

<u>Defendants' Affirmative Defenses:</u>

FIRST AFFIRMATIVE DEFENSE: plaintiff's complaint fails to state any cause of action against defendants.

SEVENTH AFFIRMATIVE DEFENSE: plaintiff's claim under the Federal Civil Rights Act is barred because the plaintiff suffered no actual damages and there is no right to recover damages based on the abstract value of constitutional rights.

TENTH AFFIRMATIVE DEFENSE: plaintiff's claim under the Federal Civil Rights Act is barred because negligent conduct is insufficient to constitute a violation of rights.

TWELFTH AFFIRMATIVE DEFENSE: plaintiff's claim under the Federal Civil Rights Act is barred because there is no doctrine of respondeat superior.

SIXTEENTH AFFIRMATIVE DEFENSE: plaintiff's claim, under the Federal Civil Rights Act, is barred because defendant Deputy Propster and Deputy O'Sullivan are entitled to qualified immunity.

***The ultimate facts required to establish these affirmative defenses are:***

a.  The arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

*See:* Ninth Circuit Manual of Model Jury Instructions: Civil §9.20 (2007)

(a) defendants' acts were not so closely related to the deprivation of the plaintiff's rights as to have been the moving force that caused plaintiff's ultimate injury.

*See:* Ninth Circuit Manual of Model Jury Instructions: Civil §9.8 (2007)

**8.     DISCOVERY:**

All discovery is complete.

**9.     DISCLOSURES AND EXHIBITS:**

All disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure have been made. Defendants have filed an exhibit list herewith under separate cover. Defendants have not yet received plaintiff's exhibit list. All exhibits may be admitted without objection, except those exhibits to which objections will be asserted on the Exhibit Stipulation that will be filed by the parties in this action. As plaintiff is a pro se prisoner, defendants will file their own objections should plaintiff refuse to enter into an Exhibit Stipulation. The objections and grounds therefor and the opposing parties' response will be included in the Exhibit Stipulation. Where appropriate, the evidentiary objection on the Exhibit Stipulation will refer to the motion in limine that addresses the issue.

**10.    DISCLOSURES AND WITNESSES:**

All disclosures under Fed.R.Civ.P. 26(a)(3) have been made. Defendants' witness list has been previously filed with the Court. Defendants have not yet received plaintiff's witness list.

**11.    DEPOSITION TESTIMONY EVIDENCE:**

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with Local Rule 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by Local Rule. 32-1:

Deposition of Robert Lee Mitchell taken in this action on August 7, 2002.

**12.  MOTIONS IN LIMINE:**

The following motions in limine were heard and ruled upon:

a) Defendants' motion in limine (No. 1) for an order excluding all evidence of, and reference to, plaintiff's claims of police misconduct prior to handcuffing was DENIED;

b) Defendants' motion in limine (No. 2) to exclude all evidence not disclosed by plaintiff prior to trial, all references to unsupported claims, and all inflammatory statements; which was GRANTED in part and DENIED in part as set forth on the record;

c) Defendants' motion in limine (No. 3) for order excluding all evidence of, and reference to, special counsel reports, media accounts, and certain police reports and policies was GRANTED in part and DENIED in part as set forth on the record;

d) Defendants' motion in limine (No. 4) for an order excluding all evidence of, and reference to, plaintiff's criminal charges and civil actions is GRANTED, and

e) Defendants' motion in limine (No. 5) for an order to bifurcate and try separately the individual capacity claims and the punitive damages claims in this action, is GRANTED.

**13.  BIFURCATION:**

Defendants' motion in limine (No. 5) requests that this Court issue an order that the individual capacity claims, and the punitive damages claims in this action be bifurcated and tried separately.

**14.  ADMISSIONS:**

This pretrial conference order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED:**

O:\ECF Ready\PROCESSED ORDERS AWAITING PRINT OUT FOR CHAMBERS ONLY\PROPOSED PRETRIAL CONF ORDER_as amended on the record.wpd

-7-

Dated: December 5, 2008

*[signature]*

HON. STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

By: _____
Plaintiff Robert Lee Mitchell
in pro se

**MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP**

By: _____
       Timothy J. Kral, Esq.

Attorneys for Defendants
COUNTY OF LOS ANGELES,
SHERIFF LEROY D. BACA,
SGT. VICTOR LOPEZ, DEPUTY
DAVID O'SULLIVAN and
DEPUTY STEVEN PROPSTER

O:\ECF Ready\PROCESSED ORDERS AWAITING PRINT OUT FOR CHAMBERS ONLY\PROPOSED PRETRIAL CONF ORDER_as amended on the record.wpd

-8-